J-S34014-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| S.C. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| D.J. | : | |
| | : | |
| Appellant | : | No. 1480 WDA 2018 |

Appeal from the Order Entered September 14, 2018
In the Court of Common Pleas of Greene County Civil Division at No(s):
383 A.D. 2014

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

MEMORANDUM BY DUBOW, J.:                    FILED AUGUST 16, 2019

Appellant, D.J. ("Father") appeals from the September 14, 2018 Order, which, inter alia, denied Father's Petition to Modify Custody and awarded primary physical custody of G.J.J. ("Child") to Appellee, S.C. ("Mother").[1] Upon careful review, we affirm.[2]

_____

[1] Although the trial court dated the Order September 13, 2018, the court clerk docketed the Order and served the parties with a copy on September 14, 2018.  We have changed the caption accordingly. See Pa.R.A.P. 108(a)(1) (explaining that the day of entry shall be the day the clerk of the court mails or delivers copies of the order to the parties).

[2] We deny Mother's Motion to Quash Appeal and request for attorney's fees and costs.  Mother asserts that Father failed to file a designation of contents of the reproduced record and to serve a reproduced record, in violation of Pa.R.A.P. 2154, and that dismissal is the appropriate remedy pursuant to Pa.R.A.P. 2188.  Motion to Quash, filed 4/15/19, at ¶¶ 4, 6, 7.  Our Pennsylvania Supreme Court has stated that the "extreme action of dismissal should be imposed by an appellate court sparingly, and clearly would be inappropriate when there has been substantial compliance with the rules and

_____

*   Retired Senior Judge assigned to the Superior Court.

The relevant factual and procedural history is as follows. Father and Mother were never married and are parents to now 6-year-old Child. Father and Mother began dating in high school when Mother moved into Father's home and Father's mother ("Paternal Grandmother") became Mother's legal guardian. Father and Mother dated on and off for several years until Mother ended the relationship.

Mother worked outside of the home in the past but is currently a stay-at-home mother who lives with her paramour, and the two own a home together. Father recently obtained employment with FHC, a drilling contractor, and recently moved to a new residence with Paternal Grandmother. Father has a suspended license due to two Driving Under the Influence of Alcohol ("DUI") convictions in Pennsylvania, and relies on Paternal Grandmother and his sisters for transportation.

_____

when the moving party has suffered no prejudice." *Stout v. Universal Underwriters Ins. Co.*, 421 A.2d 1047, 1049 (Pa. 1980). We conclude Father's infractions are not serious, Mother is not prejudiced, and our review is not hampered. Thus, we decline to quash this appeal. *See Hagel v. United Lawn Mower Sales & Serv.*, 653 A.2d 17, 19 (Pa. Super. 1995) (declining to quash the appeal, or impose other sanctions, where the appellant failed to designate or file a reproduced record, but the violations of the Rules of Appellate Procedure were not so serious as to preclude the Court's ability to properly evaluate and address the substantive arguments advanced by the parties); *Downey v. Downey*, 582 A.2d 674, 678 (Pa. Super. 1990) (declining to dismiss the appeal because of appellant's failure to serve the appellees with a copy of the designated reproduced record, and noting that "Pa.R.A.P. 2156 expressly permits an appellee to file his own supplemental reproduced record with the court where the parties are unable to cooperate on the preparation of the reproduced record.").

Parents have been in a custody dispute since June 2014, when Mother filed a Complaint for Custody of then-17-month old Child.

On July 22, 2014, the trial court awarded parents shared legal and physical custody of Child; the trial court ordered Child to live with Mother 4 nights a week and Father 3 nights a week.

In August 2017, Mother filed a Motion for Emergency Special Relief and a Petition for Modification of Custody, alleging that Father was living with his father ("Paternal Grandfather"), a registered sex offender who was recently released from prison. The trial court granted Mother temporary primary custody and stayed Father's overnight physical custody pending a hearing. In September 2017, Father filed a Petition for Modification of Custody and Relocation. The parents agreed to an Interim Order awarding Mother primary physical custody and Father partial physical custody in an alternating two-week pattern of 2 nights the first week and 3 nights the second week. The Interim Order also specified that Child was to have no contact with Paternal Grandfather.

In March 2018, Mother filed a Motion for Contempt; Stay of Custody Order and Emergency Hearing alleging, inter alia, that Father was recently charged with DUI, Child was not attending preschool while in Father's care, and Father was allowing Paternal Grandfather to babysit Child in the mornings in violation of court Order. The trial court stayed Father's custody.

In April 2018, after an emergency hearing, the court entered an Interim Order granting parents shared legal custody, Mother primary physical custody,

and Father partial physical custody in an alternating two-week pattern of 4 nights the first week and 1 night the next week. The Interim Order also specified that parents were not to excessively imbibe alcohol in Child's presence and/or use any illegal drugs.

On May 15, 2018, and August 21, 2018, the trial court held hearings on various pending petitions and motions, including Father's Petition to Modify Custody. The trial court heard testimony from Verona Allman, Head Start caseworker; Sabrina Shushock, Receptionist at Child's Pediatrician; Mother; Jason Ocker, Mother's paramour; Father; and Paternal Grandmother.

On September 14, 2018, the trial court issued an Order and Opinion that, inter alia, denied Father's Petition for Modification of Custody. The trial court awarded parents shared legal custody, Mother primary physical custody, and Father partial physical custody 3 nights per week every other week during the school year. The trial court awarded the parents 50/50 shared physical custody during the summer months.

Father timely appealed. Both Father and the trial court complied with Pa.R.A.P. 1925.

Father raises the following issues on appeal:

[1.] Whether the trial court abused its discretion in awarding primary custody to Mother, when the testimony and evidence presented at trial established that the Order, dated September 13, 2018, further reducing [Father's] custody, is not in the best interest of [Child].

[2.] Whether the trial court erred in allowing [Mother] and her counsel, at the time of trial and during the direct testimony of [Father], to offer what amounted to rebuttal testimony on

- 4 -

numerous occasions as they sat at counsel table, creating an unfair advantage for [Mother] and a disadvantage for Appellant.

Father's Brief at 4.

The Child Custody Act, 23 Pa.C.S. §§ 5321-5340, governs all custody proceedings commenced after January 24, 2011. E.D. v. M.P., 33 A.3d 73, 77 (Pa. Super. 2011). The Custody Act requires a trial court to consider all of the Section 5328(a) best interests factors when "ordering any form of custody." 23 Pa.C.S. § 5328(a). A trial court must "delineate the reasons for its decision when making an award of custody either on the record or in a written opinion." S.W.D. v. S.A.R., 96 A.3d 396, 401 (Pa. Super. 2014). See also 23 Pa.C.S. § 5323(a), (d). However, "there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations." M.J.M. v. M.L.G., 63 A.3d 331, 336 (Pa. Super. 2013).

"The paramount concern in child custody cases is the best interests of the child." C.G. v. J.H., 193 A.3d 891, 909 (Pa. 2018). "The best-interests standard, decided on a case-by-case basis, considers all factors which legitimately have an effect upon the child's physical, intellectual, moral and spiritual well-being." M.J.N. v. J.K., 169 A.3d 108, 112 (Pa. Super. 2017).

This Court reviews a custody determination for an abuse of discretion. In re K.D., 144 A.3d 145, 151 (Pa. Super. 2016). We will not find an abuse of discretion "merely because a reviewing court would have reached a different conclusion." Id. (citation omitted). Rather, "[a]ppellate courts will find a trial

court abuses its discretion if, in reaching a conclusion, it overrides or misapplies the law, or the record shows that the trial court's judgment was either manifestly unreasonable or the product of partiality, prejudice, bias or ill will." Id.

Further, when this Court reviews a trial court's "best interests" analysis in custody matters, our scope of review is broad, but we are "bound by findings supported in the record, and may reject conclusions drawn by the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court." Saintz v. Rinker, 902 A.2d 509, 512 (Pa. Super. 2006) (quotation and citation omitted). Importantly, "[o]n issues of credibility and weight of the evidence, we defer to the findings of the trial judge who has had the opportunity to observe the proceedings and demeanor of the witnesses." K.T. v. L.S., 118 A.3d 1136, 1159 (Pa. Super. 2015) (citation omitted). We can only interfere where the "custody order is manifestly unreasonable as shown by the evidence of record." Saintz, 902 A.2d at 512 (citation omitted).

In his first issue, Father avers that the trial court abused its discretion in awarding primary physical custody to Mother. Father's Brief at 4. Father argues, without citation to the record, that the trial court gave preference to Mother as a "stay-at-home mother" and failed to consider that Child is in school during the day while Father works. Id. at 8. Father also asserts, again without citation to the record, that the trial court chastised only Father for

withholding Child from preschool when Mother did the same thing, but Father fails to challenge any specific trial court finding. Id. at 8. Finally, Father contends that the trial court failed to consider evidence that Child's behavior changed at preschool when Father's custody was suspended, essentially challenging the weight that the trial court placed on this evidence. Id. at 9. This issue is underdeveloped and devoid of merit.

Our review of the record reveals that the trial court did not abuse its discretion when it awarded primary physical custody to Mother. The trial court engaged in an analysis of the Section 5328(a) factors when making its custody determinations and the record supports the trial court's findings. The trial court found that Child is safe and loved by both families, has formed a healthy relationship with each parent, and the overall mental and physical condition of the parties and other members of their households are fine. Opinion and Order, filed 9/14/18, at 8, 9 (unpaginated). While the trial court found that both parties engage in petty behavior and are unable to communicate adequately, the trial court concluded that Father is spiteful, has a short fuse, becomes angry in a flash, and has seriously threatened Mother's paramour. Id. at 6, 8 (unpaginated). The trial court also found that Father has a criminal record of DUI and Providing Alcohol to a Minor. Id. at 9 (unpaginated). Notably, the trial court made a specific finding that "Father's testimony is not always credible." Id. at 9 (unpaginated).

The trial court found that Mother has been Child's "primary custodian since birth" and has been more consistent and nurturing in her relationship with Child. Id. at 1, 8. The trial court made findings that Mother is better capable of providing for all of the parental duties on a daily basis; is more likely to attend to the daily physical, emotional, developmental, educational and special needs of Child; has a more suitable and stable domestic situation; is more available to care for Child and make appropriate childcare arrangements when necessary; and is more likely to encourage and permit frequent and continuing contact between Child and Father. Id. at 6-8.

As stated above, the record supports the trial court's findings. We will not reweigh the evidence or interfere with the trial court's credibility determinations. See K.T., 118 A.3d at 1159. Accordingly, we conclude that the trial court did not abuse its discretion when it awarded primary physical custody to Mother during the school year.

In his second issue, Father contends that the trial court violated the Pennsylvania Code of Civility by allowing Mother to correct testimony, make statements, and present evidence during Appellant's case-in-chief. Father's Brief at 9-10 (citing 204 Pa.Code § 99.2). Father argues that this put him at a severe disadvantage and that he should receive a new trial. Id. at 12. Father asserts that he was generally disadvantaged, but fails to cite any legal authority to explain how the trial court's conduct specifically disadvantaged him. Father also fails to cite any legal authority to support his argument that

he should receive a new trial. Accordingly, we find this issue to be waived. See R.L.P. v. R.F.M., 110 A.3d 201, 208–09 (Pa. Super. 2015) (stating that arguments that are not appropriately developed are waived, including those where the party has failed to cite any authority in support of a contention).

In sum, the trial court engaged in an analysis of the Section 5328(a) factors when making its custody determinations and the record supports the trial court's findings. Accordingly, we find no abuse of discretion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/16/19